# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:07CR243 |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | |
| SCOTT A. HACKER, ) | RECOMMENDATION |
| ) | |
| Defendant. ) | |

This matter is before the court on the motion to dismiss filed by defendant Scott Hacker (Hacker) (Filing No. 21). Hacker is charged in the Indictment with knowingly failing to register and update his sexual offender registration under the Sex Offender Registration and Notification Act (SORNA) (Count I) in violation of 18 U.S.C. § 2250(a). Hacker moves to dismiss the Indictment because: (1) Congress lacked the authority under the Commerce Clause to enact SORNA; (2) SORNA violates the Tenth Amendment since Congress compelled the various states to accept sex offender registrations; and (3) Congress improperly delegated its legislative authority to the Attorney General to prescribe rules for the implementation of SORNA.

An evidentiary hearing was held on Hacker's motion on October 9, 2007. Hacker waived his appearance for the hearing (Filing No. 31). His counsel, Assistant Federal Public Defender Karen M. Shanahan was present for the hearing. The United States was represented by Assistant U.S. Attorney Michael P. Norris. During the hearing, the parties stipulated that the court could take judicial notice of the factual statement on pages 1 and 2 of Hacker's brief (Filing No. 22) and the factual statement on pages 1 and 2 of the government's brief (Filing No. 26). No other evidence was presented at the hearing. A transcript of the hearing (TR.) was filed on October 16, 2007 (Filing No. 30).

## FINDINGS OF FACT

Based upon the parties' stipulation at the hearing, the court finds the following facts:
On January 30, 1995, Scott Hacker was convicted in Neuces County, Texas, of Aggravated Sexual Assault of a Child, a first degree felony. Hacker was sentenced to 10

years of probation. Subsequently, in 1996, Hacker was convicted of Sexual Assault in Jim Wells County, Texas, and sentenced to five years imprisonment. Upon his release from prison in 2000, Hacker registered as a sex offender in the state of Texas. On January 30, 2001, Hacker notified the Texas Department of Public Safety that he had moved to Fresno, California. He initially registered in California, but failed to keep his registration in compliance with California law after December 5, 2002. In approximately July 2002, Hacker moved to Black River Falls, Wisconsin. While he registered in Wisconsin upon arrival, he did not notify California authorities that he had moved to another state.

In May 2007, Hacker moved to Nebraska and obtained a driver's license from the Nebraska Department of Motor Vehicles on May 4, 2007, listing his address as 1991 County Road 45, Linwood, Nebraska. Hacker never registered as a sex offender in Nebraska. When Hacker was arrested on July 12, 2007, Hacker stated he knew he was supposed to register and it was his own fault he did not register. On July 18, 2007, Hacker was indicted in the United States District Court for the District of Nebraska for a violation of 18 U.S.C. § 2250(a). Specifically, the indictment alleges that Hacker, having previously been convicted in Texas of an offense requiring him to register as a sex offender, traveled in interstate commerce to Nebraska and knowingly failed to register as a sex offender.

## LEGAL ANALYSIS

Title I of the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), P.L. 109-248 (2006), encompasses the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16913. The Adam Walsh Act, including SORNA, was approved by the President on July 27, 2006. SORNA created a new federal offense, 18 U.S.C. § 2250, of failing to register as a sex offender, known as a Federal Failure to Register ("FFR").

42 U.S.C. § 16913 provides:

> § 16913. Registry requirements for sex offenders
>
> (a) In general --
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an

employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

(b) Initial registration --

The sex offender shall initially register--

(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
(2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

(c) Keeping the registration current --

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b) of this section --

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

(e) State penalty for failure to comply --

Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

18 U.S.C. § 2250 provides:

§ 2250. Failure to register

(a) In general. --Whoever--
(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

The Attorney General did not exercise his authority under 42 U.S.C. § 16913(d) until February 28, 2007, when he issued an interim rule stating that it is "indisputably clear that SORNA applies to sex offenders (as the Act defines that term) regardless of when they were convicted." 72 FR 8894, 8896.

**Commerce Clause**

Hacker alleges that 18 U.S.C. § 2250 violates the Commerce Clause as there is no sufficient nexus to the regulation of interstate commerce and Congress lacks the power to require registration of locally (intrastate or tribal) convicted sex offenders. First, Congress has the inherent power to legislate matters relating to Indian matters. ***United States v. Lara***, 541 U.S. 193, 200 (2004). Second the FFR statute does not seek to regulate intrastate registration of sex offenders but sets forth requirements for federal criminal prosecution, i.e., a federal qualifying conviction, or travel in interstate commerce, or access to Indian Country, all well within the Congress' purview. Since Congress has properly exercised its authority, the Indictment is not defective based upon the Commerce Clause.

See *United States v. May,* 2007 WL 2790388, at *7 (S.D. Iowa Sept. 24, 2007); *United States v. Muzio*, 2007 WL 2159462 (E.D. Mo. July 26, 2007); *United States v. Mason*, 510 F. Supp. 2d 923 (M.D. Fla. 2007); *United States v. Templeton*, 2007 WL 445481 (W.D. Okla. Feb. 7, 2007).

### Tenth Amendment

The powers not delegated to the United States by the Constitution are reserved to the states or the people under the Tenth Amendment.  *New York v. United States*, 505 U.S. 144, 156 (1992). Having found SORNA was enacted under Congress' power under the Commerce Clause, Hacker's assertion that SORNA encroaches upon the Tenth Amendment is without merit.  See *United States v. Crawford*, 115 F.3d 1397, 1402 (8th Cir. 1997).

### Non-Delegation Doctrine

Hacker asserts that the provisions of SORNA, i.e., 42 U.S.C. § 16913(d), requiring the Attorney General the authority to specify the retroactive applicability of SORNA to sex offenders convicted before SORNA violates the separation of powers doctrine prohibiting Congress from delegating its authority to make laws to another branch of government.

> The Constitution provides that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States." U.S. Const., Art. I. § 1. This "nondelegation doctrine" is an integral part of the separation of powers of our system of government. However, the Supreme Court has stated that "the separation-of-powers principle, and the nondelegation doctrine in particular, do not prevent Congress from obtaining the assistance of its coordinate Branches." *Mistretta v. United States*, 488 U.S. 361, 372, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

*United States v. Madera*, 474 F. Supp. 2d 1257, 1261 (M.D. Fla. 2007).  Since SORNA included in SORNA an intelligible principle of protecting the public from sexual predators and guided the executive branch in setting forth requirements of registration, § 16913(d) does not constitute an impermissible delegation of Congressional power.  *Mistretta*, 488 U.S. at 372; *May*, 2007 WL 2790388, at *6.

## CONCLUSION

Hacker's motion to dismiss the Indictment should be denied.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:**

Hacker's motion to dismiss (Filing No. 21) be denied.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 17th day of December, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge