## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR243 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| SCOTT A. HACKER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 32) issued by Magistrate Judge recommending denial of the motion to dismiss filed by the Defendant, Scott A. Hacker (Filing No. 21). The Defendant filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 33, 34) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

### FACTUAL BACKGROUND

In 1995 and 1996, Hacker was convicted in the State of Texas of aggravated sexual assault of a child and sexual assault, respectively. Upon the completion of his prison sentence in 2000 for the latter offense, Hacker registered as a sex offender in Texas.

On January 30, 2001, Hacker notified authorities in Texas that he had moved to California. He registered in California, but after December 5, 2002, his California registration was no longer current. In July 2002, Hacker moved to Wisconsin. He registered in Wisconsin but failed to notify California authorities of his move.

In May 2007, Hacker moved to Nebraska. He never registered in Nebraska. After a July 12, 2007, arrest Hacker stated that he knew of his obligation to register. On July 18, 2007, Hacker was indicted in this Court for knowingly failing to register as a sex offender in Nebraska, in violation of 18 U.S.C. § 2250(a).

Hacker filed a motion to dismiss the Indictment, arguing that 18 U.S.C. § 2250(a) is unconstitutional.  Section 2250(a) is provision that penalizes the failure to register as a sex offender in accordance with the Sex Offender Registration and Notification Act ("SORNA"), enacted on July 7, 2006, as part of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248.  The federal registration requirements under SORNA relevant to Hacker's case are set out in 42 U.S.C. § 16913.  Section 16913(a) requires, in relevant part, that a sex offender register initially and maintain current registration in any jurisdiction in which the offender resides, works, or is a student.

Following oral argument, Magistrate Judge Thomas D. Thalken issued a Report and Recommendation in which he concluded that § 2250 does not violate the Commerce Clause or the Tenth Amendment.  Judge Thalken also determined that 42 U.S.C. § 16913(d) does not violate the non-delegation doctrine.  Therefore, Judge Thalken recommends that Hacker's motion to dismiss be denied.

Hacker objects to Judge Thalken's legal conclusions.  Noticeably absent from either the Defendant's brief in support of the motion and the objections to the Report and Recommendation is any case law directly supporting any of his arguments.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

2

## ANALYSIS

There are no objections to the facts set forth in the Report and Recommendation. The Court adopts Judge 's factual findings in their entirety.

The Defendant objects to Judge Thalken's conclusion that SORNA does not violate the Commerce Clause, arguing that Judge Thalken accepted nonbinding opinions from other courts without: engaging in an analysis of the cases of *United States v. Lopez,* 514 U.S. 549 (1995) and *United States v. Morrison,* 529 U.S. 598 (2000); and examining the constitutionality of SORNA's registration requirements in addition to § 2250.[1]  Hacker also objects to Judge Thalken's conclusions that SORNA does not violate the Tenth Amendment or the non-delegation doctrine.

### *Commerce Clause*

Case law regarding SORNA is limited since it was only enacted on July 27, 2006. As of this date no circuit court or the Supreme Court has been presented with the issues raised in this case.  This Court agrees with other district courts' interpretations of *Lopez* and *Morrison* insofar as they have determined that the purpose of SORNA to track sex offenders from one jurisdiction to another and create a comprehensive national offender

---

[1]Hacker's motion only refers to the constitutionality of § 2250, although the supporting brief addresses § 16913.

Also, Hacker argues that Judge Thalken cited *United States v. Muzio,* 2007 WL 2159463 (E.D. Mo. July 26, 2007), while the *Muzio* court only decided the issue of the Ex Post Facto Clause and not the Commerce Clause.  However, in deciding *Muzio* the judge stated that, although it was unnecessary to decide the Commerce Clause issue, she adopted that portion of the magistrate judge's report and recommendation and concluded that SORNA was constitutional.  *Id.* at *7.  The magistrate judge had engaged in an analysis of *Lopez* and *Morrison* and concluded that § 2250 did not violate the Commerce Clause.  *United States v. Muzio,* 2007 WL 1629836, at **4-5 (E.D. MO. June 4, 2007) (Report and Recommendation).

registry constitutes a rational basis to conclude that failing to register in a local jurisdiction substantially affects interstate commerce.    Therefore, because the registration requirements and the penalty provision are interrelated, the penalty provision § 2250 also does not violate the Commerce Clause.  *See, e.g., United States v. Gould,* 2007 WL 4371418, at *6 (D. Md. Dec. 13, 2007) (citing both 42 U.S.C. § 16913 and 18 U.S.C. § 2250)*; United States v. Cardenas,* 2007 WL 4245913, at *12 (S.D. Fla. Nov. 29, 2007) (SORNA's registration requirements are constitutional, in part because SORNA only sets out registration requirements and does impose criminal penalties)*; United States v. Howell,* 2007 WL 3302547, at **17-18 (N.D. Ia. Nov. 8, 2007) (neither SORNA's registration requirements nor § 2250 violate the Commerce Clause, and the defendant's approach viewing the registration requirements and the criminal penalty provision separately is rejected); *United States v. Pitts,* 2007 WL 3353423, at ** 3-5 (M.D. La. Nov. 7, 2007) (neither SORNA's registration requirements nor § 2250 violates the Commerce Clause, and § 2250 is a "valid component of the Walsh Act under the Necessary and Proper Clause"); *United States v. May,* 2007 WL 2790388, at *7 (S.D. Ia. Sept. 24, 2007) (SORNA's registration requirements and § 2250 do not violate the Commerce Clause because the purpose behind SORNA is to track sex offenders between the states); *United States v. Hinen,* 487 F. Supp. 2d 747, 757 (W.D. Va. May 12, 2007) (SORNA and § 2250 do not violate the Commerce Clause, as they regulate interstate activity, noting that only a de minimis effect on interstate commerce is required).

This Court has located no contrary authority, and none has been cited by the Defendant. This Court declines to interpret *Lopez* and *Morrison* differently from those courts that have analyzed this issue with respect to both SORNA's registration requirements and the associated penalty provision. The objection is denied.

### Tenth Amendment

Hacker disputes Judge Thalken's conclusion that SORNA does not violate the Tenth Amendment because it was properly enacted under the Commerce Clause. The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited to it by the States, are reserved to the States respectively, or to the people." U.S. Const. Amend. X. Therefore, the Tenth Amendment limits the powers that the federal government may exercise over the states.

Again, this Court has not located any authority concluding that SORNA violates the Tenth Amendment, and none has been cited. Every reported opinion reflects a conclusion that the Tenth Amendment is not violated by SORNA. *Gould,* 2007 WL 4371418, at *8 (states are only offered monetary incentives to implement SORNA requirements and are not "commandeered" to implement the requirements); *United States v. Brown,* 2007 WL 4372829, at **4-6 (S.D.N.Y. Dec. 12, 2007) (state laws already require individuals to register under state laws and, as a sharing-of-information law, SORNA does not force state officials to administer a federal program); *Cardenas,* 2007 WL 4245913, at *14 (states may choose whether to implement SORNA and therefore avoid losing federal funding, and also SORNA is a legitimate exercise of the Commerce Clause); *Pitts,* 2007 WL 3353423, at *9 (SORNA requires offenders to register under already existing state laws).

This Court is particularly persuaded by the following arguments: 1) SORNA does not run afoul of the Commerce Clause and therefore it does not violate the Tenth Amendment inasmuch as Congress has acted "'under one of its enumerated powers,'" *Cardenas,* 2007 WL 4245913, at 14 (citing *United States v. Williams,* 121 F.3d 615, 620 (11th Cir. 1997)); and 2) the Tenth Amendment offers states monetary incentives to comply with SORNA and does not otherwise force states to comply with its registration requirements. The objection is denied.

### *Non-Delegation Doctrine*

Hacker argues that 42 U.S.C. § 16913(d) violates the non-delegation doctrine. Section 16913(d) requires the Attorney General to specify the retroactive applicability of SORNA to sex offenders convicted before SORNA. Hacker argues that SORNA violates the separation of powers doctrine by allowing the Attorney General, rather than Congress, to determine SORNA's retroactivity.

The Court has found no supporting case law, and none has been cited. The Court agrees with courts that have previously addressed this issue and found that § 16913(cd) does not violate the non-delegation doctrine. *See, e.g., United States v. Samuels,* 2008 WL 169792, at *8 (E.D. Ky. Jan. 17, 2008) (§ 16913(d) grants the Attorney General only limited authority by narrowing the focus of newly promulgated rules to persons unable to comply with 42 U.S.C. 16913(b), and § 16913(d) and the related interim rule did not apply to the defendant because he was able to initially register under his state's registration requirements); *United States v. LeTourneau,* 2008 WL 112105, at *6 (S.D. Tex. Jan. 9, 2008) (the authority delegated under § 16913(d) is limited); *United States v. Madera,* 474

6

F. Supp. 2d 1257, 1261 (M.D. Fla. 2007) (§ 16913(d) confers only an advisory role on the Attorney General); *United States v. Elliott,* 2007 WL 4365599, at *7 (S.D. Fla. Dec. 13, 2007) (§ 16913(a) does not empower the Attorney General to determine the retroactive application of SORNA but rather permits only the issuance of regulations regarding those unable to comply with § 16913(b)); *United States v. May,* 2007 WL 2790388, at *6 (S.D. Ia. Sept. 24, 2007) (§ 16913(a) delegates a limited authority, and the Attorney General has been granted merely an advisory role).  The objection is denied.

## CONCLUSION

For the reasons discussed, the Court adopts the Magistrate Judge's Report and Recommendation and denies the Defendant's objections and motion to dismiss.

IT IS ORDERED:

1.    The Magistrate Judge's Report and Recommendation (Filing No. 32) is adopted in its entirety;

2.    The Statement of Objections to the Report and Recommendation (Filing No. 33) is denied; and

3.    The Defendant's Motion to Dismiss (Filing No. 21) is denied.

DATED this 1st day of February, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge